## Weekly Abstract of PENDING CASES

### No. 583
### WIGMORE CO. v. CHAPMAN
No. 19119. Supreme Court.

On motion to certify. Dock. May 6, 1925; 3 Abs. 313.

257. COMMISSION—Can broker recover when principal claims that agreement entered into between them was, that if broker secured purchasers said transaction would be subject to pending negotiations, and if sale was made by broker that, principal would not be obligated to broker.

Wilkie Chapman brought his action against the J. A. Wigmore Co. to recover an amount claimed to be due him as commission for securing a purchaser of property belonging to the company in 1922.

Chapman set forth in his petition that by virtue of a contract of employment entered into between himself and the company in March 1922, he undertook to secure a purchaser for certain property at a price of $50,000. He further alleged that on Oct. 26, 1922 he secured a purchaser ready and able to buy the property, that the company refused to complete the sale and by virtue of that he became entitled to his $2800 commission.

The company contended that Chapman did not secure a purchaser ready and willing to buy upon the terms and conditions imposed by it. It was further contended that Chapman was advised that any efforts made by him or any other real estate broker to secure a purchaser would be subject to negotiations then pending between the company and certain prospective buyers; and if a sale was subsequently made that then in that event the company would not be obliged to any broker even though he had succeeded in securing a purchaser; and that Chapman agreed and consented to these terms.

The Cuyahoga Common Pleas rendered a judgment in favor of Chapman for $2800. Error was prosecuted and the Court of Appeals affirmed the judgment of the lower court. The company takes the case to the Supreme Court and from the issues of the pleadings submits the following questions:

1. Was Chapman employed as a real estate broker to find a purchaser for the property, and if so, upon what terms and conditions?

2. Did he procure a purchaser ready, willing and able to buy the property before he was notified by the company that it was directly negotiating a sale of the property?

3. Did Chapman in any event procure a purchaser willing to purchase the property upon the terms imposed by the company?

It is contended that the secretary of the company told Chapman that the company would entertain any offer submitted by him, but that the property was listed with him, subject to prior sale or change in price without notice. It is claimed that the price of the property was raised to $60,000 and on that basis negotiations for a trade were being completed with a Mr. Grenauer.

The company avers that there was error in allowing the introduction of testimony showing that were efforts made by Chapman to interest persons other than the purchaser he secured, in the property. It is claimed that this evidence created an impression on the mind of the jury that, Chapman had spent considerable time to interest possible purchasers, and that therefore, regardless of his legal rights, he should receive compensation for his efforts.

It is further contended that the court committed reversible error in its refusal to give the following charge:

"As a matter of law it was not necessary for defendant to have completed or consummated the sale of said property before withdrawing the listing of said property from Chapman."

In conclusion it is submitted to the court that Chapman was not entitled to a recovery as a matter of law because:

1. Since the relationship between the company and Chapman was that of principal and agent, and it was of a fiduciary nature, the company was entitled to full benefit of Chapmn's knowledge nd service.

2. It was Chapman's duty as a matter of law to disclose to his principal the best offer he had for the property.

3. Concealment of any better offer or any fact which would be of value to his principal is a matter of law such as a breach of duty that the agent is barred from collecting a commission.

4. Chapman's testimony showed that he did not submit to the Wigmore Co. the best offer he had for the property, and that it was not until after he had failed in putting over the sale at $50,000 that he then for the first time intimated to the company that he had a better proposition in writing.

Attorneys—Snyder, Henry, Thomsen, Ford and Seagrave, for Company; W. J. Hamilton, for Chapman; all of Cleveland.